UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Gary S. Dean

    v.                                        Civil No. 10-cv-23-JL

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility[1]

**REPORT AND RECOMMENDATION**

Before the Court is Gary Dean's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document no. 1). The petition comes before me for preliminary review to determine whether it is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

---

[1] Dean has named the Northern New Hampshire Correctional Facility ("NCF") as the respondent in this action. The correct respondent is Dean's jailer, the Warden of that facility, Larry Blaisdell.

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94,

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

### Background

In 1986, Gary Dean was convicted of aggravated felonious sexual assault and robbery in the New Hampshire Superior Court at Strafford County and sentenced to 17 ½ - 45 years in prison, a sentence he is still serving.  Dean's direct appeal of his conviction was denied.  See State v. Dean, 129 N.H. 744, 533 A.2d 333 (1987).  In 1988 and 1989, Dean states that he successfully

litigated habeas corpus actions in the state courts in which he had complained that conditions of his confinement violated his civil rights and thus rendered his incarceration illegal.  In 2006, Dean filed a contempt action in state court alleging that the prison was not following the directives set forth by the state habeas courts in 1988 and 1989.  The state court misconstrued his contempt action as a habeas action, and denied him relief.  He appealed the decision and the New Hampshire Supreme Court ("NHSC") declined his appeal.  Dean alleges that the declination itself violated his rights.

Dean also attempted to litigate a new trial motion in the state courts in 1987 on the basis that his trial counsel was ineffective and that his jury had been illegally constituted.  He was denied relief.

Dean has previously filed habeas petitions in this Court in 1988 and 2008, challenging his confinement.  The 1988 petition was dismissed without prejudice as unexhausted.  See Dean v. Warden, New Hampshire State Prison, No. 88-cv-62-SD (closed Apr. 20, 1988).  The 2008 petition was dismissed as untimely filed. See Dean v. Warden, Northern New Hampshire Correctional Facility, No. 08-cv-123-JL (Aug. 14, 2008).

Dean now brings this petition alleging violations of his federal constitutional rights to equal protection and due process of law, "abuse of discretion," denial of habeas corpus relief in the state courts, and violations of his right to access the law library at the prison and his right of access to the courts.

## Discussion

I.  Successive Petition

Dean's current petition was filed on January 19, 2010, which makes it subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. See Pratt v. United States, 129 F.3d 54, 56, 58 (1st Cir. 1997). AEDPA requires approval of the Circuit Court of Appeals before a second or successive habeas corpus petition made pursuant to 28 U.S.C. § 2254 may be filed in a federal district court, even if the petition raises new factual grounds for relief. See 28 U.S.C. § 2244(b)(3); Rodriquez v. Superintendent, Bay State Corr. Ctr., 139 F.3d 270, 272 (1st Cir. 1998). AEDPA's prior approval provision allocates subject matter jurisdiction over a second or successive habeas petition to the federal court of appeals by stripping the district court of jurisdiction over such a petition unless and until the federal court of appeals has decreed that it

may go forward.  See Pratt, 129 F.3d at 57 (citing Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)).  A district court must, therefore, either dismiss without prejudice or transfer to the court of appeals an unapproved second or successive habeas petition.  See id.

    I find that the instant petition for habeas corpus is Dean's second federal habeas petition arising from his present incarceration for the same underlying criminal matter, the first being Dean v. Warden, Civ. No. 08-cv-123-JL.  Since Dean did not first obtain clearance from the First Circuit Court of Appeals before filing this petition, this Court has no jurisdiction to consider the matter, and I recommend that it be dismissed without prejudice to Dean seeking the necessary clearance to pursue another habeas petition in this Court.  See 28 U.S.C. § 2244(b)(3); see also Pratt, 129 F.3d at 57 (finding district court without jurisdiction to consider successive habeas petitions absent prior Circuit approval).

II. Conditions of Confinement

    In addition to his habeas claims, Dean complains that he has been denied access to the prison law library, that he has suffered from improper retaliatory actions at the prison, or that

6

he has been denied access to the courts by actions of prison officials. These complaints allege that Dean's civil rights have been violated by prison officials subjecting him to unconstitutional conditions of confinement. These claims must be raised in a separate civil rights action brought pursuant to 42 U.S.C. § 1983, rather than in the context of a § 2254 petition. See White v. Gittens, 121 F.3d 803, 807, n.3 (1st Cir. 1997) (civil rights action is the proper means to challenge the conditions of confinement); cf. Heck v. Humphrey, 512 U.S. 477, 481 (1994) (federal habeas petition is the appropriate means to challenge the actual fact or duration of confinement). If Dean seeks relief from unconstitutional conditions of his confinement, he must do so by filing a § 1983 action properly raising those claims.

## Conclusion

For the foregoing reasons, I recommend dismissal of this habeas action. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st

Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                           /s/ James R. Muirhead
                                           James R. Muirhead
                                           United States Magistrate Judge

Date:     April 21, 2010

cc:       Gary S. Dean, pro se

JM:jba