UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Gary S. Dean

    v.                                   Civil No. 10-cv-23-JL

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

Before the Court is Dean's most recent objection (doc. no. 16) to the District Court's decision to dismiss his habeas petition (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. Because this objection raises no new issues affecting the decision to dismiss this case, I continue to recommend dismissal for reasons set forth in a Report and Recommendation issued on April 21, 2010 (doc. no. 5).

Dean initially filed his § 2254 petition on January 19, 2010 (doc. no. 1). On April 21, 2010, the Magistrate Judge (Muirhead, Mag. J.) recommended that the petition be dismissed as a second or successive petition prohibited by 28 U.S.C. § 2244 (doc. no. 5). The recommendation to dismiss the petition found that a previous petition dismissed as untimely qualified as a "first" petition under § 2244.[1]

---

[1] Recent caselaw supports the dismissal of Dean's petition as a second or successive petition. See Quezada v. Smith, 624 F.3d

Disagreeing with the Court that a petition dismissed as untimely could count as a first petition for purposes of § 2244, Dean objected to the Report and Recommendation (doc. no. 7). After considering the objection, the District Court approved the April 21 Report and Recommendation on July 2, 2010 (doc. no. 8) ("the Order"). Judgment was entered in accordance with the Order and the case was closed (doc. no. 9).

On July 15, 2010, shortly after the case was marked closed, Dean filed a motion to reconsider (doc. no. 10) the Order. That motion to reconsider (doc. no. 10) repeated Dean's argument that his first habeas petition, because it was dismissed as untimely, should not count as a "first" petition for purposes of finding that the instant petition was successive under § 2244(b). The motion to reconsider (doc. no. 10) was referred to the Magistrate Judge on August 13, 2010.

While Dean's motion to reconsider the Order was pending, Dean appealed the Order to the First Circuit. See Dean v. Blaisdell, No. 10-2020 (1st Cir. filed Aug. 30, 2010). Because the Order was on appeal before the First Circuit, on September 10, 2010, this Magistrate Judge issued a Report and

---

514, 518 (2d Cir. 2010) ("Generally, a petition dismissed as time-barred is considered a decision on the merits" requiring petitioner to seek appellate court's authorization to bring second or successive petition under § 2244(b)); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of first § 2254 petition as untimely renders subsequent petition second or successive for purposes of § 2244(b)).

Recommendation (doc. no. 14), recommending denial of Dean's motion to reconsider the Order.

On September 27, 2010, Dean objected (doc. no. 16) to the September 10 Report and Recommendation (doc. no. 14), stating that the First Circuit had effectively stayed the appeal, pending resolution of his July 15 motion to reconsider (doc. no. 10).  See Dean v. Blaisdell, No. 10-2020 (1st Cir. Sept. 7, 2010) (directing petitioner to file status reports regarding action taken on post-judgment motion filed in district court because pendency of that motion rendered notice of appeal ineffective, citing Fed. R. App. P. 4(a)(4)(A)).

Because the September 10 Report and Recommendation (doc. no. 14) recommended denial of the July 15, 2010, motion to reconsider based only on the pendency of this matter in the First Circuit, and the Court has now been notified that the First Circuit appeal is stayed pending resolution of the motion to reconsider, I find that Dean's objection (doc. no. 16) to the September 10 Report and Recommendation (doc. no. 14) has merit. Therefore, I rescind my recommendation to deny the motion to reconsider due to the pendency of the First Circuit appeal.

However, I reiterate my recommendation to dismiss the habeas petition (doc. no. 1).  In neither the July 15 motion to reconsider (doc. no. 10), nor the September 27 objection (doc. no. 16), did Dean raise any argument that has not previously

3

been considered and rejected by the Court in this matter. As nothing in Dean's pleadings filed since the issuance of the April 21 Report and Recommendation points to any error of law or fact or otherwise warrants any change in that recommendation of dismissal, I recommend that the July 15 motion to reconsider (doc. no. 10) be denied.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  December 10, 2010

cc:  Gary Dean, pro se

LBM:jba